**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116352

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ivelisse Santana,<br><br>                              Plaintiff,<br><br>                vs.<br><br>Cavalry Portfolio Services, LLC,<br><br>                              Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Ivelisse Santana (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Cavalry Portfolio Services, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Ivelisse  Santana is an individual who is a citizen of the State of New York residing in Bronx County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Cavalry Portfolio Services, LLC, is a New York Limited Liability Company with a principal place of business in Westchester County, New York.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696;  15 U.S.C § 1692(a).

15.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.     To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."  *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17.     In order for consumers to vindicate their rights under the statute, the FDCPA

"grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18.    Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19.    To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90.  "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20.    The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received.    *See Jacobson*, 516 F.3d at 91.    Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21.    Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22.    Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23.    Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24.    To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).  Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish

civil liability against the debt collector.  *Id.*

## ALLEGATIONS

25.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27.    The alleged Debt does not arise from any business enterprise of Plaintiff.

28.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.    At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30.    At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31.    In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 1, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32.    The Letter conveyed information regarding the alleged Debt.

33.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.    The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

38.    To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt"

must clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

39.    To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

40.    To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must convey without ambiguity, from the perspective of the least sophisticated consumer, the actual amount of the debt.

41.    The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

42.    The letter states that "[t]he amount that you owe is the amount stated at the top of this letter as Outstanding Balance."

43.    It further states that, "[a]ny difference between the Charge Off Balance, and the Outstanding Balance, is due to the application of credits to your account prior to the date of this letter."

44.    There is no amount in the letter designated as the "Outstanding Balance."

45.    Further, the explicit mention of the "Outstanding Balance," to be the term to look for to identify the amount owed, would likely confuse the least sophisticated consumer.

46.    Further, the "Outstanding Balance" term has the initial letters capitalized to alert the Plaintiff and impart importance upon the term.

47.    Advising the least sophisticated consumer to pay the "Outstanding Balance," but failing to actually provide such "Outstanding Balance," would likely confuse the least sophisticated consumer as to the amount of the alleged Debt.

48.    Advising the least sophisticated consumer to pay the "Outstanding Balance," but failing to actually provide such "Outstanding Balance," would likely make the least sophisticated consumer unsure as to the amount of the alleged Debt.

49.    Advising the least sophisticated consumer to pay the "Outstanding Balance," but failing to actually provide such "Outstanding Balance," fails to clearly convey, from the perspective of the least sophisticated consumer, the amount of the alleged Debt.

50.     Advising the least sophisticated consumer to pay the "Outstanding Balance," but failing to actually provide such "Outstanding Balance," fails to accurately convey, from the perspective of the least sophisticated consumer, the amount of the alleged Debt.

51.     Advising the least sophisticated consumer to pay the "Outstanding Balance," but failing to actually provide such "Outstanding Balance," fails to convey without ambiguity, from the perspective of the least sophisticated consumer, the amount of the alleged Debt.

52.     As a result of the foregoing, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

53.     As a result of the foregoing, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

54.     As a result of the foregoing, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, the amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

55.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

56.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

58.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

59.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

60.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

61.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

62.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

64.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

65.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

66.    The Letter buries the required validation notice within its text.

67.    The required validation notice is contained in running text in the body of the Letter in the same font size and color as the rest of the body of the Letter.

68.    Further, it diverts the cleverly diverts the Plaintiff's attention to the writing in a box, at bottom of the letter which has all wording capitalized, and states **"SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS."**

69.    The reverse side does not contain the required validation notice.

70.    The required validation notice, relative to other language in the Letter, is visually inconspicuous.

71.    The required validation notice cannot be readily discerned from the rest of the language in the Letter.

7

72.     The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

73.     The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

74.     The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

75.     The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

76.     The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

77.     The letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

78.     The letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

79.     The letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

80.     The letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

81.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

82.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

83.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

85.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

86.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

87.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

88.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

89.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

90.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

91.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

92.    15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

93.    15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

94.    The Letter states, "[w]e may report information about your account to the credit reporting agencies."

95.    Defendant did not report the alleged Debt to the credit reporting agencies.

96.    Defendant never intended report the alleged Debt to the credit reporting agencies.

97.    Defendant's conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

98.    Defendant's conduct is a threat to take any action that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

99.    Defendant's conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

100.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

101.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a.    Finding Defendant's actions violate the FDCPA; and

    b.    Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c.    Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d.    Granting Plaintiff's costs; all together with

    e.    Such other relief that the Court determines is just and proper.

DATED: April 19, 2019

                        **BARSHAY SANDERS, PLLC**

                        By: _ /s/ *Craig B. Sanders*
                        Craig B. Sanders, Esquire
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Tel: (516) 203-7600
                        Fax: (516) 706-5055
                        csanders@barshaysanders.com
                        *Attorneys for Plaintiff*
                        Our File No.: 116352

Barshay Sanders PLLC